NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE: ANOVA HEARING LABS, INC.,**
*Appellant*

---

2019-1507

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 96/000,138.

---

Decided: April 7, 2020

---

ANTIGONE GABRIELLA PEYTON, Cloudigy Law PLLC, Tysons Corner, VA, argued for appellant.

PETER JOHN SAWERT, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for appellee Andrei Iancu. Also represented by THOMAS W. KRAUSE, WILLIAM LAMARCA.

---

Before MOORE, WALLACH, and STOLL, *Circuit Judges.*

MOORE, *Circuit Judge.*

Anova Hearing Labs, Inc. appeals the Patent Trial and Appeal Board's decision on reexamination holding that claims 1–6, 9, 10, 12–39, 41–47, 49–58, and 63–70 of U.S. Patent No. 8,477,978 would have been obvious. Because

the Board's decision did not articulate a basis or rationale sufficient for this court to determine whether substantial evidence supports its motivation to combine finding, we *vacate* and *remand.*

## BACKGROUND

The '978 patent is directed to a completely-in-canal (CIC) hearing aid in which a flexible mounting insert secured in the bony region of the ear canal holds the device case in place. '978 patent at 5:4–9. The specification describes the advantages of allowing natural sounds to flow into the ear canal and mix with the augmented sound generated by the hearing device. *Id.* at 2:57–60, 3:3–6, 5:46–52, Fig. 6. That natural sound flows past the case inserted into the ear canal and through an open area provided on an outer portion of a flexible insert mounted within the ear canal. *Id.* at 3:3–6. The top portion of the flexible insert is attached to the receiver section of the case. *Id.* at 2:65–3:2.

The '978 patent issued on July 2, 2013. In 2015, Anova requested supplemental examination for the U.S. Patent and Trademark Office (USPTO) to consider U.S. Patent No. 7,421,086 (Bauman '086) and U.S. Patent No. 7,076,076 (Bauman '076) as prior art. The USPTO ordered reexamination, finding Bauman '086 and Bauman '076 raised a substantial new question of patentability. In a Non-Final Office Action, the examiner rejected claim 1 under 35 U.S.C. § 103(a) as obvious over U.S. Patent No. 5,654,530 (Sauer) and U.S. Patent App. Pub. No. 2002/0085728 (Shennib) in view of Bauman '086 and Bauman '076. Anova amended claim 1 to overcome this rejection. Claim 1 is representative:

> 1. A completely in the canal hearing device, said device comprising:
>
> a case having a power source, a microphone, a receiver element, and an acoustic passageway, wherein said case, when mounted in the ear canal,

> provides at least one *open passageway* between the ear canal and the case;
>
> at least one flexible insert comprising a hub portion and an outer portion adjacent to the hub portion, the hub portion attached to a tip formed at a receiver end of the case, the outer portion providing an *open area* when mounted against a wearer's ear canal to create a sound path extending through the at least one *open passageway* and said *open area*, wherein the *open area* defined by the outer portion ranges from about 5 to 70% when the flexible insert is in its mounted position within the ear canal.

'978 patent at 8:40–52 (emphases added).

In the Final Office Action, the examiner rejected amended claim 1 as obvious over U.S. Patent No. 6,129,174 (Brown) and the admitted prior art[1] in view of Bauman '086, Bauman '076, and Sauer.

Anova appealed to the Board, arguing that the examiner erred in asserting that a person of ordinary skill in the art would modify Brown to have the open areas of Bauman '086, Bauman '076, and Fretz. Anova argued instead that combining the behind-the-ear (BTE) insert of Fretz, Bauman '076, or Bauman '086 with the in-the-canal (ITC) inserts of Brown or Sauer would destroy the seal required by the ITC references. The Board affirmed the examiner's rejection, holding representative claim 1 would have been obvious based on a combination of Brown, Sauer, Fretz, Bauman '076, and Bauman '086. Anova appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

---

[1] The examiner noted that, in addition to the admitted prior art, the teachings of U.S. Patent No. 7,027,608 (Fretz) were incorporated by reference in the specification and considered as admitted prior art.

DISCUSSION

"We review the PTAB's factual determinations for substantial evidence and its legal determinations de novo." *In re Nuvasive, Inc.*, 842 F.3d 1376, 1379 (Fed. Cir. 2016) (citing *In re Gartside*, 203 F.3d 1305, 1316 (Fed. Cir. 2000)). Obviousness is a question of law which is based on underlying factual findings. *Id.* at 1381.

When considering whether a claim would have been obvious in light of a combination of multiple references, the Board "consider[s] whether a [person of ordinary skill in the art] would have been motivated to combine the prior art to achieve the claimed invention and whether there would have been a reasonable expectation of success in doing so." *In re Warsaw Orthopedic, Inc.*, 832 F.3d 1327, 1333 (Fed. Cir. 2016) (internal quotation marks and citation omitted). Motivation to combine is a factual inquiry, which we review for substantial evidence. *Nuvasive*, 842 F.3d at 1381. "The factual inquiry whether to combine references must be thorough and searching and the need for specificity pervades our authority on the findings on motivation to combine." *Id.* at 1381–82 (internal quotation marks and citation omitted).

We have explained that the Board "must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Nuvasive*, 842 F.3d at 1382 (quoting *Motor Vehicle Mfrs. Assoc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (internal quotation marks and citation omitted)). The requirement that the Board provide sufficient articulation "appl[ies] with equal force to the motivation to combine analysis." *Id.* at 1383. Here, the Board's articulation has left us unable to reasonably discern the Board's motivation to combine findings. *Id.* at 1383; *see In re Huston*, 308 F.3d 1267, 1281 (Fed. Cir. 2002)).

Anova argues that the Board did not establish a motivation for combining aspects of BTE devices—Bauer '086, Bauer '076, and Fretz—with other aspects of sealed ITE devices—Brown and Sauer—to achieve the claimed invention. It argues that the ITE devices seal the ear canal to prevent acoustic feedback, whereas BTE devices intentionally leave a gap in the ear canal. As such, it argues a person of ordinary skill in the art would not modify the ITE devices to include the claimed acoustic pathway because doing so would result in significant acoustic feedback issues.

The Board addressed Anova's motivation to combine arguments in its final written decision. The Board noted:

> [I]t would have been obvious to one of ordinary skill in the art, being of ordinary creativity and not being an automaton, to have combined a known hearing aid with an "open passageway" and a flexible insert creating a sound path through the open passageway and "open area" formed by the flexible insert (i.e., Brown) with the known feature of flexible inserts of varying dimensions, sizes, or specifications (any of Brown, Fretz, Bauman '076, or Bauman '086) in order to address the known problem of the "occlusion effect" in hearing aids (any of Brown, Fretz, Bauman '076, or Bauman '086) to achieve the known, predictable, and expected result of a hearing aid with an insert of a desired dimension, size, or specification (any of Brown, Fretz, Bauman '076, or Bauman '086).

J.A. 11–12.

The Board's analysis does not indicate why a person of ordinary skill in the art would modify an ITE device like Brown or Sauer to include an "open passageway" that allows ambient noise to enter the ear canal. The Board's general statements that a person of ordinary skill in the art would combine any of these multiple different references to

address the problem of occlusion effect in hearing aids does not explain what features of the references, or even which references, would be combined to achieve the claimed invention. The Board also does not explain why a person of ordinary skill in the art would be motivated to modify Brown, which already includes vents, to address occlusion effect. *See* J.A 396. The Board does not explain why a person of skill in the art would conclude that Brown needed to be modified. It is unclear why the Board found a skilled artisan would be motivated to combine the five separate references. It is also unclear precisely what the Board was using the different references for in this five-reference rejection.

The Board failed to sufficiently articulate a reason why a person of ordinary skill in the art would be motivated to combine the ITE and BTE devices. We vacate and remand the case to give the Board the opportunity to explain its reasoning. *See Nuvasive*, 842 F.3d at 1385.

## CONCLUSION

The Board's reexamination decision is vacated and remanded.

## **VACATED AND REMANDED**

### COSTS

No costs.